```
                   UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

EARL MORRISON,                    )    CASE NO. 1:09 CV 2394
                                  )
      Plaintiff,                  )    JUDGE SOLOMON OLIVER, JR.
                                  )
  v.                              )
                                  )    MEMORANDUM OF OPINION
STATE OF OHIO,                    )    AND ORDER
                                  )
      Defendant.                  )

       On October 15, 2009, plaintiff pro se Earl Morrison, an inmate at the Marion Correctional Institution, filed this 42 U.S.C. § 1983 action against the State of Ohio. The complaint alleges plaintiff's finger was injured while he was incarcerated at the Mansfield Correctional Institution. It is further alleged that an x-ray that was taken was misread, causing the finger to set improperly. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

       A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

In <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

Plaintiff cannot meet the threshold requirement in <u>Parratt</u>, as States are not "persons" subject to suit under 42 U.S.C. § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). Further, the conduct of which plaintiff complains amounts, at most, to negligence. It is well established that negligence cannot form the basis for a section 1983 action. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

Accordingly, this action is dismissed under section 1915A. The dismissal is without prejudice to a valid state law claim plaintiff may have under the facts alleged. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 21, 2009